No. 571

First Circuit

JACCUZZO v. MYRTLE GROVE SUGARS, INC.

(March 5, 1930. Opinion and Decree.)

Ellender & Ellender, of Houma, attorneys for plaintiff, appellant.

Harris Gagne, of Houma, attorney for defendant, appellee.

ELLIOTT, J. The controversy in this case is, whether Joseph Jaccuzzo made a sale of his cane to Myrtle Grove Sugars, Inc., as alleged by him, and according to which defendant owes him a balance of $900.03, or was plaintiff's cane delivered by him to Myrtle Grove Sugars, Inc., to be ground and converted into sugar, syrup, molasses, etc., under an agreement contended for by the defendant.

The defendant denied having purchased plaintiff's cane, and alleges, and its president and manager, Dr. C. G. Cole, testifies, that plaintiff's cane had been subjected to several freezes, its sucrose value was uncertain. That it was therefore received from the plaintiff and manufactured under an agreement whereby the plaintiff was to receive the value which the condition of the juice would justify, as determined by the results obtained in manufacture. That while plaintiff's cane was being received and manufactured the amount of $1,750 was tentatively paid him, with the understanding that the amount was subject to future adjustment. According to defendant's figures on a complete adjustment, plaintiff was overpaid to the extent of $250.

The burden of proof was on the plaintiff to establish his demand.

The testimony of Dr. Cole, president, that he did not buy plaintiff's cane, but received it from the plaintiff and manufactured it into sugar and molasses, etc., under an agreement whereby plaintiff was to receive the value of it less the cost of manufacture, is supported by the preponderance of the testimony. The evidence as a whole does not warrant a judgment of any kind in favor of the plaintiff. Plaintiff's demand was rejected in the lower court.

The judgment appealed from is correct.

Judgment affirmed. Plaintiff and appellant to pay the costs in both courts.

LECHE, J., not participating.