CHAMBERS v. VEGA

---

(November 30, 1931. Opinion and Decree.)
(December 14, 1931. Rehearing Refused.)

---

I. W. Rosenthal and Thomas J. Dobbins, of New Orleans, attorneys for plaintiff, appellant.

R. A. Tichenor, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. The plaintiff sues defendant on a written contract for rental of a service automobile battery. He alleges that the agreement was entered into on July 18, 1928, for a rental of 25 cents per day, until the battery was returned, and claims the sum of $172 for use of the battery for 688 days. He also reserves the right to sue for additional rent accruing subsequent to the filing of this suit and for reasonable attorney's fees.

Defendant filed practically a general denial, denying any recollection of having signed the contract and averring that he had recommended a Mr. Werner to the plaintiff as a customer and that the battery had been installed on Mr. Werner's car, and, therefore, defendant was not liable, as he was merely acting as the agent for Werner, of which fact plaintiff was apprised; and, in the alternative, pleaded that he, defendant, should not be held for rent in excess of the value of the battery, which he appraised at the sum of $10.

There was judgment in favor of plaintiff for the sum of $35, the court allowing $15 for rental covering a period of 60 days and $20 as the value of the unreturned battery.

Plaintiff has appealed and contends that he is entitled to a judgment as prayed for in the petition. Defendant has answered the appeal asking that the judgment be amended by disallowing the sum of $20 for the battery.

The record shows that the defendant was formerly in the battery business and that A. A. Werner, a former customer, came to defendant for the purpose of renting an automobile service battery. Defendant and Mr. Werner drove the Werner car to the

738

plaintiff's place of business and a service battery was installed in the automobile, the defendant signing an agreement containing the following stipulation:

"RENTAL AGREEMENT
"July 18, 1928.

"The battery rented is the property of the above service station for the use of which I agree to pay 25 cents a day from date until its return to the said service station and to return same on demand.

"If I should fail to do so the said service station is authorized to take possession of the said battery without notice and I agree to pay all costs incurred for attorney's fees, waiving all claims for damages against the said service · station.

"(Signed) A. Vega."

It appears that it was the custom of plaintiff to send monthly bills for rent due on service batteries, and one month after the battery was rented the defendant admits receiving a statement of the amount of rent due. He then telephoned the plaintiff and informed him that Mr. Werner was the one who really rented the battery and not himself, and that plaintiff could obtain payment from Mr. Werner. Plaintiff attempted to reach Mr. Werner unsuccessfully at first and then wrote him a letter demanding payment for the rent due, but Werner failed to comply with the request. After repeated unsuccessful attempts during the following month to collect the rent, the plaintiff and his employee, Mr. Wilson, testified that demand was made for the return of the battery on both defendant and Werner, but that they never complied therewith. Neither Werner nor the defendant ever paid the rental charges, or returned the battery.

It is clear that the contract sued upon is a lease of a thing. See R. C. C., articles 2669, 2670, 2674, 2676, 2678.

Under the plain provisions of the contract it was the defendant's duty to pay a rental charge of 25 cents per day for the battery from the date of the contract until its return to the plaintiff, or until the plaintiff demanded its return. Upon the failure of defendant to comply with this request, or demand, the plaintiff was authorized to take possession of the battery. This demand for the return and possession of the battery was made by the plaintiff and his employee, Wilson, about 60 days after the contract was entered into. Therefore, the plaintiff is entitled to the rental charge up to that time, because the demand for the return of the leased thing under the express provisions of the contract of hire or lease terminated the lease. Rev. Civ. Code, art. 2727. Consequently, plaintiff could not charge any further rental, since he elected to terminate the lease in accordance with its provisions.

Now, upon the termination of the lease it was the duty and obligation of the lessee, defendant, to return the battery, and, upon his failure to do so, he was obligated to pay damages or the value of the battery. Rev. Civ. Code, articles 2720, 2669, 2670, 1926, 1930.

While it is true that the plaintiff did not sue for damages, or for the value of the battery, nevertheless the defendant introduced evidence both by his own witnesses and by cross-examination of the plaintiff that the battery was worth between $18 and $25 at the time it was rented. Therefore the pleadings were enlarged so as to give the plaintiff the right to recover this item, particularly since the plaintiff prays for all equitable and general relief. Abadie v. Gluck's Restaurant Corp., 168 La. 242, 247, 121 So. 757; Kinder v. Scharff et al.,

125 La. 594, 51 So. 654; Legier v. Braughn, 123 La. 463, 466, 49 So. 22.

But, assuming that the lease was not terminated by the demand of the plaintiff for the return of the battery, the record shows, as was also found by our learned brother below, that the battery was lost. Plaintiff testified that the battery was never returned; defendant testified that Werner had possession of it at all times; and Werner testified that some one came to his residence and got the battery, but he was unable to say that it was the plaintiff's employee who did so. Article 2728 of the Revised Civil Code reads:

"Termination of Lease—2. By Loss of Thing. It is also dissolved by the loss of the thing leased."

Therefore, as the battery was lost about sixty days after the contract was entered into, and plaintiff knew this, the lease was terminated by that fact, and the plaintiff was entitled to recover damages or the value of the thing leased, but not any additional rent thereafter. The trial court allowed $15 for the rental and $20 for the value of the battery, or a total of $35, which we believe fair and reasonable under the circumstances. But the trial judge failed to grant plaintiff's prayer for reservation of his right to sue for attorney's fees.

For the reasons assigned, the judgment appealed from is amended by reserving plaintiff's right to sue for a reasonable attorney's fee, and, as thus amended, the judgment is affirmed.