No. 4257

Second Circuit

WILLIAMS v. HAYES
(J. LEE HAYES, Intervener)

(March 16, 1932. Opinion and Decree.)

Fraser & Carroll, of Many, attorneys for plaintiff, appellant.

Boone & Boone, of Many, attorneys for intervener, appellee.

PALMER, J. Plaintiff brings this suit on a promissory note of the defendant for $936.87, with 8 per cent per annum interest after maturity, and 10 per cent as attorney's fees incurred in collecting the note which indebtedness is secured by a chattel mortgage on two International motor trucks and trailers, and which is subject to a credit of $477.51, paid on November 12, 1930. The credit on the note resulted from a repurchase by plaintiff from defendant of one of the trucks and trailers described in the chattel mortgage. The consideration paid for the repurchase of this truck and trailer was $600, and a portion of it was applied in the payment of an open account of defendant, and the balance credited on this note. In connection with the suit, plaintiff seeks to foreclose his chattel mortgage and sequestered the other truck and trailer described therein.

The defendant filed no appearance in the suit, but allowed judgment to be rendered against him on default.

Two days after plaintiff filed this suit, J. Lee Hayes, son of the defendant, filed an intervention and third opposition, alleging, in effect, that he is the owner of the truck and trailer under seizure; that he purchased same from plaintiff and paid him therefor; and that the mortgage which plaintiff seeks to foreclose was canceled by confusion because plaintiff repurchased these trucks and trailers from defendant and afterwards sold him the truck and trailer now under seizure.

Answering the petition of intervener, plaintiff reaffirmed his allegations contained in his main demand, to the effect that the property in question was sold by him to the defendant, with vendor's lien retained and chattel mortgage stipulated, and that he never reacquired the property from defendant, or any other person; and that no payments have been made to him upon the note sued on except the payment alleged in his petition. In the alternative, he alleges that, if intervener has title to this truck and trailer, which is denied, he acquired same from the defendant, subject to plaintiff's chattel mortgage which contains the pact de non alienando and was duly recorded in the mortgage records of Sabine parish, Louisiana.

The lower court rendered judgment on the main demand in favor of plaintiff and against the defendant, for the amount sued for, but on the intervention rendered judgment in favor of intervener, decreeing him the owner of the seized truck and trailer and canceling the chattel mortgage which plaintiff holds thereon. From this judgment plaintiff prosecutes this appeal.

There are no disputed questions of law involved. Certainly none could dispute that for a transaction to constitute a sale "three circumstances concur to the perfection of the contract, to-wit: the thing sold, the price and the consent." C. C. art. 2439.

Neither can there be any dispute about the well settled principle that:

"As there must be two parties at least to every contract, so there must be something proposed by one and accepted and agreed to by another to form the matter of such contract; the will of both parties must unite on the same point." C. C. art. 1798.

Also there can be no disagreement over the principle that:

"When the qualities of debtor and creditor are united in the same person, there arises a confusion of right, which extinguishes the obligation." C. C. art. 2217.

It is not questioned that:

"He who claims the execution of an obligation must prove it. On the other hand, he who contends that he is exonerated, must prove the payment or the fact which has produced the extinction of the obligation." C. C. art. 2232.

A judgment in the case necessarily rests upon a decision of the facts. Certainly, if intervener has proved his allegations to the effect that plaintiff repurchased the seized property from defendant and then sold the same to him, the judgment awarding intervener the seized property and canceling, by confusion, plaintiff's chattel mortgage is correct, but intervener carries the burden of proving such allegations.

Before considering the question of whether or not intervener met the obligation of the burden of proof, it might be well to make a statement of the circumstances surrounding the case.

O. E. Williams, the plaintiff, appears to be engaged in operating in Sabine parish a sales agency for the International Harvester Company of America, Incorporated, for the sale of International Harvester trucks, and in connection therewith he owns and operates a repair and service garage. In the pursuit of his business, he sells these trucks and trailers and takes notes from the purchasers for the greater portion of the consideration, and then secures the notes by retaining and stipulating vendor's lien and chattel mortgage on the trucks sold. These notes are then transferred by him to the International Harvester Company, who handles the collection of them in their own way and through their own collectors. Plaintiff appears to have no connection whatever with the matter after the sale has thus been completed and the notes transferred to the company.

The defendant, M. T. Hayes, purchased from plaintiff several trucks and trailers on this basis. Always the collection of the notes of the International Harvester Company is handled by them through their own collector, who at the time of this transaction, was Mr. W. B. Hirsch.

On April 8, 1930, plaintiff sold to defendant the truck and trailer seized in this suit. At that time defendant owed plaintiff an open account which, added to the cash payment due to be made on this purchase, amounted to $936.87. As evidence of this indebtedness, defendant executed unto plaintiff the note sued on in this case and secured it by a chattel mortgage on the property sold and also on another truck and trailer which he had previously purchased from plaintiff. On all these trucks and trailers purchased by the defendant from plaintiff, the International Harvester Company appears to have a first chattel mortgage and, as we have already stated, their collections were handled by their own collector, and with which plaintiff appears to have no connection.

With this statement of the circumstances made, we shall now consider the evidence adduced on trial of the intervention. The burden rests upon the intervener to prove affirmatively the following essential facts:

1. That plaintiff repurchased this property from defendant, and that:

(a) The price was fixed and definite; and

(b) That the will of both plaintiff and defendant united in the transaction whereby both consented thereto.

2. That intervener purchased the seized property from plaintiff and that

(a) The price was fixed and definite; and

(b) That the will of both plaintiff and intervener united in the transaction whereby both consented thereto.

M. T. Hayes, the defendant in the main demand, testified as a witness for intervener. We believe the following question propounded to the witness by counsel for intervener, and his answer thereto, shows the full strength of his evidence on the alleged resale by him to plaintiff of the property now under seizure:

"Q. What, if anything, did you do by way of trading those trucks back?
"A. I drove them both back here to his store and Mr. Hirsch had come down to Fisher to see me. There was five notes due, two on one and three on the other, and he said he had to collect for the notes that was due or take charge of the trucks, and I told him I could not pay for the trucks because I could not get work and I drove the trucks up here and I went in and delivered them."

All through his testimony, the witness is talking altogether about the debt due the International Harvester Company. It was Hirsch, and not plaintiff, who caused the witness to bring the trucks to Many. It was the International Harvester notes, and not plaintiff's note, that the witness says intervener paid. So, obviously, plaintiff had no part in the trucks being brought to Many, nor did he have any part in the arrangement made between the International Harvester representative and the intervener relative to the payment of the notes of the International Harvester Company,

save, perhaps, he offered a friendly suggestion that the defendant try to secure the financial assistance necessary to enable him to meet the demands then being made upon him by the International Harvester Company for the payment of their notes. No pretension is made by the witness that plaintiff was even asking at that time for any payment of his debt.

Nowhere in his testimony does the witness claim that any price was agreed upon with plaintiff as the repurchase price of the trucks. In fact, he makes it clear that he did not so much as accept or demand of the plaintiff, as a consideration for the alleged resale of the trucks to plaintiff, any credit on his indebtedness to plaintiff, but even admits that he still owes plaintiff on the note the amount sued for in this case.

"Q. You admit you still owe Mr. Williams the amount due on this note?
"A. Yes.
"Q. And then you say that Ott Williams deliberately gave away the balance due on that mortgage?
"A. He did. * * *"

There is nothing in the witness' testimony of any convincing force whatever to show that the will of both parties united in the alleged trade.

The testimony of intervener may be summarized as follows:

That he purchased the seized property from O. E. Williams and W. B. Hirsch, and paid therefore the amount due by his father. M. T. Hayes, to the International Harvester Company on the trucks his father had purchased from the International Harvester Company through O. E. Williams. He does not claim that Williams alone sold him the trucks.

"Q. From whom did you buy it?
"A. From Mr. Ott and the collector was both talking and told me what it would

take to· get it and I said I would see if I could get it.

"Q. Well, was Mr. Ott Williams present when you bought this truck?

"A. Yes, sir; he was present when they told me what it would take to get it."

Nowhere in his testimony does he claim he paid Williams anything for this truck, nor does he claim that he had any agreement with Williams as to any sum he was to pay him for the truck. From his evidence his position seems to be that he was to pay the balance due on these trucks and thereupon would become the owner thereof. Even so, he could not escape the responsibility that such an obligation would not be satisfied with just the payments due the International Harvester Company, for certainly Williams also held a claim against them, and if his purchase of the trucks was to take place upon his payment of the indebtedness against the trucks, that obligation would not be satisfied until he paid the indebtedness of Williams also.

He does not make any pretensions to any knowledge of the alleged resale of these trucks by his father to O. E. Williams, so there is not even any corroboration on his part of his father's testimony regarding the alleged resale to Williams.

There is again missing in the alleged purchase by intervener from plaintiff, the essentials of a price and the uniting of the minds.

W. B. Hirsch, the representative of the International Harvester Company, testified concerning these alleged transactions, that the real and true arrangement he made with defendant, M. T. Hayes, and intervener, J. Lee Hayes, was to the effect that the latter would assist his father in paying off the notes due the International Harvester Company. He disclaims any trade was made with intervener that had for its

object intervener becoming the owner of the trucks. He also testified that, while O. E. Williams was present a part of the time, he had nothing to do with the trade and was not present when the financial agreement and arrangements were made. He denies that defendant even discussed in his presence with Williams the repurchase of these trucks.

The testimony of O. E. Williams may be summarized as follows:

He never repurchased from the defendant, M. T. Hayes, the truck and trailer under seizure in this suit; the trucks and trailers covered by his chattel mortgage, which is the second chattel mortgage on them, the first being owned and held by the International Harvester Company, were brought to Many on the day M. T. Hayes claims to have resold them to him—not at his instance—but on demand of W. B. Hirsch, representing the International Harvester Company; and that he had nothing whatever to do with the transaction; he did not even see the trucks on that occasion and they were not delivered to him, nor did he make any effort to repurchase them; and he made no effort on that occasion to collect his claim against the defendant because the whole controversy was one that had been raised by the International Harvester Company in. their efforts to collect their indebtedness; he had no part in it and was at that time satisfied with the status of his claim.

All the testimony shows that the two trucks were driven to Many by defendant and by intervener, and that on the same day they drove the trucks back, or in other words, carried them away. His testimony further shows that some ten to twelve days later defendant did bring one of the trucks back to Many and negotiated a resale of it to plaintiff, for which plaintiff

allowed him credit of $600, first paying an open account due him by defendant and then crediting the balance of the $600 on the note sued on.

If J. Lee Hayes became the owner of the truck and trailer under seizure by virtue of paying the International Harvester Company indebtedness, then by the same acts he likewise became the owner of the other truck and trailer; and still we find just a few days later that defendant brings the truck to Many and makes a resale of it to plaintiff, thus continuing to maintain and assert his own title thereto.

An analysis of this testimony convinces us that intervener has utterly failed to prove his allegations that his father resold these trucks to O. E. Williams and that thereafter he purchased the one under seizure from O. E. Williams. If that did not take place, then there was no cancelation of the chattel mortgage of O. E. Williams by confusion, and, if there was no cancelation of the mortgage, it is still in effect and the truck and trailer under seizure should be sold to pay and satisfy the debt sued on.

Counsel for intervener in their brief suggest that if intervener did not purchase the seized property, as alleged in his petition of intervention, he at least acquired the first mortgage notes against the property previously held by the International Harvester Company, and that the case should be remanded to the district court for the taking of further testimony on that point. Even if the court should conclude that it has the authority to thus remand the case for that purpose, the question arises, How could intervener avail himself of any advantages thereby? He has made a solemn, judicial allegation that he actually purchased the property under seizure from O. E. Williams, and if he should seek to show in any further trial that he purchased

the notes of the International Harvester Company he would certainly have to amend his original petition, so most likely he would be faced immediately with a plea of estoppel against making any changes in his judicial allegations. Furthermore, it can hardly be conceived that intervener would undertake to change his testimony. He has already testified, under oath, that he paid—not purchased—the International Harvester notes, and also, he has testified that he purchased the trucks from O. E. Williams.

If the relief counsel suggests could be obtained by remanding the case, certainly intervener could not secure it until he changes his testimony on this point, and if he should change it, he would certainly destroy its effect.

We are therefore of the opinion that the judgment of the lower court in favor of intervener is erroneous, and that the judgment of the main demand, in so far as it failed to sustain the sequestration sued out, is also erroneous.

It is therefore ordered, adjudged, and decreed that plaintiff, O. E. Williams, have judgment against the defendant, M. T. Hayes, for the amount prayed for and as awarded in the judgment of the lower court and sustaining the writ of sequestration sued out, and ordering the sale of the property seized to pay and satisfy the judgment; and that defendant, M. T. Hayes, pay all costs of both courts incurred on the main demand.

It is further ordered, adjudged and decreed that the judgment of the lower court in favor of the intervener, J. Lee Hayes, be and is hereby reversed, and that the demands of intervener be and are hereby rejected and his suit dismissed; intervener to pay all costs of the intervention in both courts.