295 So.2d 607 (1974)
Rufus HEBERT, Plaintiff-Appellant,
v.
J. Anthony BRILEY, Defendant-Appellee, and
Randel Brown, Intervenor-Appellee.
No. 4531.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1974.
Rehearing Denied June 26, 1974.
Writ Refused September 20, 1974.
Sandoz, Sandoz & Schiff by Gerald H. Schiff, Opelousas, of counsel, for plaintiff-appellant.
Frugé & Foret by Jack C. Frugé, Ville Platte, for defendant-appellee.
Before CULPEPPER, MILLER and WATSON, JJ.
MILLER, Judge.
Plaintiff Rufus Hebert, d/b/a Hebert Grain Elevator, appeals from the judgments favoring defendant J. Anthony Briley and intervenor Randel Brown declaring invalid the purported contracts for the future sale of soybeans. We affirm.
On February 16, 1973 Anthony Briley and Randel Brown signed purchase contracts on identical forms provided by Hebert Grain Elevator. The contracts were captioned "Purchase Contract" and provided that Briley and Brown would sell their soybeans to Hebert. Listed below are the terms of the Brown contract, with the printed category description listed in the left column, and the handwritten terms in the right:

Grades to Govern  Destination
Weights to Govern  Destination
Contract No.  387
Quantity  5,000 bu.
Grade and Grain  No. 1 Yellow Soybeans
Price Basis  4.00
Delivered Port Barre, La.  Picked up at truck
 (deleted)
Price  4.00
BOP Date  Blank
B. H. Price and Future  Blank
Time of Shipment  October-November
 Delivery
Destination/Routing  Seller's Truck
Draw Draft Through  Blank
Discount Scale/Remarks  Processor's Scale of
 discount

The contract was signed by Brown and by Hebert's authorized representative John *608 S. Bonin. The Briley contract differs only in that it is numbered 385 and provides 12,000 bu. as the Quantity. Both contracts contain printed terms on the back of the forms, but these terms are not relevant to this dispute.
On September 4, 1973, Briley's attorney advised Hebert that the contract was not binding for failure of consideration and for other legal reasons. On September 17, 1973, Hebert filed this suit against Briley, seeking a declaratory judgment to declare the contract valid. Brown subsequently filed an intervention, seeking to be made party to the suit for declaratory judgment.
Other than the above described contracts, the only evidence before the trial judge was a stipulation between Hebert and Briley. This stipulation states that the document in question was executed on February 16, 1973, by duly authorized personnel at Hebert's business office, and that neither party has complied with the respective terms of the agreement.
The trial judge held the contract invalid on finding the price to be uncertain. LSA-C.C. 2439, 2464. The price was indefinite because the "Processor's Scale of discount" was either left to the discretion of the "buyer" or left to the determination of persons unidentified and unknown. The trial judges specifically noted that no evidence was presented indicating that the discount was either fixed or capable of being ascertained.
The terms of the contract raised doubt as to the price to be paid for the soybeans. The $4.00 per bushel price was subject to the "Processor's Scale of discount" which was not clarified in the record. Conspicuous is the absence of extrinsic evidence defining that term.
The burden of establishing the validity of a contract of sale rests upon the party who seeks to establish it. Williams v. Hayes, 19 La.App. 326, 140 So. 293 (1932); Jaccuzzo v. Myrtle Grove Sugars, Inc., 12 La.App. 530, 126 So. 593 (1930). LSA-C.C. art. 2439 requires that there be agreement as to the thing sold, the price, and consent before a sale is perfected. The price must be certain. LSA-C.C. art. 2464. The agreements on their face reveal an ambiguity in price. Hebert has failed to establish the term "Processor's Scale of discount" as reasonably ascertainable.
In failing to introduce evidence as to the meaning of the disputed term, Hebert may have labored under the misconception that the burden was upon Briley and Brown to prove the agreement invalid. The above cases hold to the contrary. Hebert's request to remand the case for additional evidence is rejected.
If doubt or obscurity arise for want of a necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee. LSA-C.C. art. 1958.
We deem it proper to note the exact nature of our ruling. We do not brand the use of discounts as fatal to contracts of this nature. It is merely incumbent upon the party asserting the validity of the contract in which such a term is used to show that the term is ascertainable and had a definite fixed meaning at the time the contract was confected.
Hebert cites Kohler v. Huth Const. Co., Inc., 168 La. 827, 123 So. 588 (1929) and Penick & Ford v. Waguespack & Haydel, 148 La. 39, 86 So. 605 (1920) as authority for finding the agreement to be a perfected sale. We distinguish these cases. Kohler involved the question of who would bear the risk of loss of the object of the sale, and was not concerned with uncertainty as to price. Penick involved a sale by weight, tale, or measure, but uncertainty of unit price was not at issue.
The trial court judgments are affirmed at appellant's costs.
Affirmed.