BEER, Judge.
On October 17, 1969, plaintiff-appellant, Associate Marine Divers, Inc. (hereafter, “Associate”), leased certain equipment to defendant-appellee, Michel Lecler, Inc. (hereafter, “Lecler”). Michel Lecler testified that he had physical possession of the equipment for four days and then returned it to Associate’s warehouse at 1130 Destre-han Avenue in Harvey, Louisiana, pursuant to the agreement. Lecler testified that he notified a Mr. Lott of Associate of his intention but was informed that Associate no longer had a place to store the equipment. Later, there were negotiations between these parties which eventually resulted in Lecler taking over the lease on the warehouse previously occupied by Associate and the returned equipment was stored therein. On November 5, 1969, Lecler signed an agreement to purchase certain other equipment from Associate, the sale being conditioned, among other things, on the approval of the shareholders of Associate. That equipment which was the subject of this purchase agreement was also located at the warehouse in Harvey.
Lecler testified that some of the equipment covered by the agreement of November 5, 1969, was apparently stolen prior to the signing of the agreement and thus was not in the warehouse at the time the agreement[1] was signed. Lecler also testified that the tentative sales agreement of November 5, 1969, was never concluded. Evidence in the form of certain letters confirmed Lecler’s testimony to the effect that the November 5, 1969 agreement was no more than an offer to purchase conditioned, upon assurances that there were no outstanding liens or encumbrances against the subject equipment as well as the approval of the stockholders of Associate.
Then, in 1971, some of the property listed in the lease agreement and in the sales agreement was seized pursuant to a default judgment entered against Associate in an unrelated lawsuit.
Associate contends that its shareholders ratified the contract to sell the equipment, thus finalizing it. However, Lecler failed to make payments pursuant to the lease agreement or the sales agreement. This precipitated an unsuccessful demand for the return of the equipment. Associate also contends that although there was a burglary at the warehouse, the property stolen did not include any of the equipment subject of the November 5, 1969 agreement. Leonard Waring, vice-president of Associate, testified as to nonpayment on the part of Lecler and also identified a Board of Directors Resolution authorizing Leighton Lott and himself to jointly sell the equipment. The resolution does not, however, address itself specifically to the contested sale. It simply states “that Leighton E. Lott and Leonard R. Waring, jointly and not individually, may authorize the sale of any part or portion of the assets or equipment of Associate Marine Divers, Inc. for the best interest of the corporation.”
The trial court determined that the November 5,1969 instrument was not a sale of the equipment which, nevertheless, remained stored at the warehouse occupied by Lecler from October, 1969, when they took over Associate’s lease; that although the equipment remained in the warehouse, it was not converted to the use of Lecler; that the equipment rented by Lecler under the October 17, 1969 rental agreement was used a total of four days by Lecler for which they owed $60.00 a day, or a total of $240.00, and that, in all pertinent instances, Lecler acted on behalf of Michel Lecler, Inc., and did not bind himself personally nor individually for the obligations which are the subject of this suit.
Although Associate contends that the November 5, 1969 instrument was a completed sales agreement and that the trial court erred in its finding, it is apparent that the primary obligations of the parties were subject to the happening of stated conditions, viz., shareholders’ approval and an assurance that the items involved were *961 free of liens and claims arising under the Bulk Sales Act. The trial judge determined that said conditions were never fulfilled. The burden of establishing the validity of a contract rests upon the party who seeks to establish it. Staple Cotton Cooperative Assn. v. Pickett, 313 So.2d 612 (La.App.3rd Cir., 1975), citing Herbert v. Briley, 295 So.2d 607 (La.App.3rd Cir., 1974), writ refused, La., 300 So.2d 181. And the record supports the trial court’s conclusion that the burden was not met.
Canter v. Koehring Co., 283 So.2d 716 (La.Sup.Ct., 1973), stands for the proposition that:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact . . . .”
We turn to the October 17, 1969 lease agreement which provides that “Lessee is free to terminate this lease at any time. The daily rental shall apply until such time as the leased equipment has been returned to its original location.” This wording raises the question of whether the codal requirement of certainty regarding the term of the lease has been fulfilled. A lease for an indefinite term is nudum pac-tum, Bristo v. Christine Oil & Gas Co., 139 La. 312, 71 So. 521 (1916); but the term of a lease may be expressed by a stipulation that it continue during a given condition. Busch-Everett Co. v. Vivian Oil Co., 128 La. 886, 55 So. 564 (1911). Judge Culpepper’s dissent in Hartford Fire Insurance Co. v. Roger Wilson, Inc., 252 So.2d 161 (La. App.3rd Cir., 1971) is strong argument for the proposition that a lease is valid even though no time is specified when the lease can be terminated at the will of the parties. Judge Culpepper cites Chambers v. Vega, 18 La.App. 736, 137 So. 879 (Orl.La.App. 1931) in support of this thesis, said case being factually similar to the case at bar.
We believe that here the lease should be construed as containing a certain term pursuant to which Lecler effectively terminated the lease by returning the equipment to the designated location, 1130 Destrehan Avenue, Harvey, Louisiana. The trial judge’s holding that Lecler is obligated to Associate for rental payments during the four-day term of the lease is consistent with this determination and is supported by the record.
Accordingly, the judgment is, in all respects, affirmed. Costs of this appeal are to be paid by appellant.

AFFIRMED.

. Notwithstanding the title “agreement” (signifying an agreement between the parties), the document so entitled was, in fact, only signed by Lecler.