No. 3503

Second Circuit

MORSE v. OATES

(July 1, 1929.   Opinion and Decree.)
(October 1, 1929.   Rehearing Refused.)

Harry V. Booth, of Shreveport, attorney for plaintiff, appellee.

Crow & Coleman, of Shreveport, attorneys for defendant, appellant.

WEBB, J. On October 4, 1927, plaintiff, C. K. Morse, purchased from defendant, J. F. Oates, a second-hand or used automobile, which, after being used for a short time, was found to be defective, in that the machine was in such condition that one of the connecting rods would be damaged when the car was operated and would have to be repaired at short intervals, and plaintiff returned the automobile to defendant's garage on or about October 10, 1927, when it was found that a stud holding the center main bearing cap was broken off in the block, and defendant agreed to furnish the material, labor and parts necessary to remove the stud and replace same. At the same time plaintiff requested that other new parts be installed, which was not deemed to be necessary as a part of the replacement of the broken stud, and plaintiff agreed to pay for such new parts and for the work of installing same. On completion of the work, on or about October 20, 1927, plaintiff gave a note for the new parts and cost of installation, and the car was delivered to him. A short time thereafter, plaintiff drove the car from Shreveport to Dallas and Fort Worth and on the trip it became necessary to replace a connecting rod, causing plaintiff to be delayed and to fail to keep a business appointment; and, on the return trip to Shreveport, it again became necessary to replace the connecting rod, and in the succeeding sixty or seventy days, during which period plaintiff drove the car from Shreveport to various places in Louisiana, Mississippi and Alabama, it was necessary to replace the same connecting rod nine times; and thereafter, on or about January 15, 1928, overhauled the machine and installed another cylinder block, together with new pistons, rings, crank shaft and other miscellaneous parts.

The note given by plaintiff to defendant became due and was paid by his sister, and, in the present suit plaintiff alleges that the repair or replacement of the stud which had been broken off in the block,

had been improperly performed and contrary to plaintiff's instructions, and that by reason of the improper work it had been necessary for plaintiff to replace the connecting rod eleven times, at an expense of ninety-nine dollars, itemized as follows: Thirty-three dollars, cost of rods, and sixty-six dollars, installation charges, and that he had suffered serious losses by reason of the improper work done by defendant, especially on the trip from Shreveport to Fort Worth and Dallas, and that the delay, inconvenience and worry were well worth the sum of fifty dollars, and further, that by reason of the defective work, it was necessary for plaintiff to install another cylinder block, crank shaft and miscellaneous parts at an expense of two hundred thirty-three and 10/100 dollars, itemized as follows: Seventy-three dollars, cost of cylinder block, forty dollars, cost of crank shaft, thirteen and 10/100 dollars, cost of miscellaneous parts, and one hundred seven dollars, cost of installation; and plaintiff further set up that the note which had been given by him for parts and work had been paid by his sister with his funds, and that the amount paid, principal and interest should be returned to him.

Defendant admitted that he had sold the automobile to plaintiff and that plaintiff had given the note for parts and labor, and that the note had been paid by plaintiff's sister, and otherwise denied plaintiff's allegations.

On trial, evidence was introduced showing that, in addition to the items claimed under the charge of installation of the cylinder block, aggregating two hundred thirty-three and 10/100 dollars, plaintiff had also purchased and installed new pistons and rings, and allowance was made for same, as well as all claims set up by plaintiff, except the claim for the cylinder block, which was reduced from seventy-three to fifty dollars, and the claim for amount paid by plaintiff's sister on the note was reduced from fifty-three and 06/100 dollars to thirty-eight and 06/100 dollars, and judgment rendered in favor of plaintiff for four hundred thirty-three and 16/100 dollars, with interest.

The case was presented on the theory that the removal of the stud which had been broken off in the cylinder block had been deliberately or knowingly executed in such manner that the cylinder block had been injured, and that it was impossible to replace the stud in such block in a proper manner, but that the stud had been forced in place and the car delivered to plaintiff in such condition that it could not be operated without continually replacing one of the connecting rods, and damaging other parts of the car, rendering it necessary for another cylinder block, with new pistons, rings, crank shaft and miscellaneous parts to be installed, and thus, that defendant should be held liable for the expense incurred in installing the cylinder block, pistons, etc., and for expense incident to replacing the connecting rods ruined during the period that plaintiff attempted to operate the car, and the expenses of plaintiff's trip to Dallas, and that defendant should restore the amount collected on the note given by plaintiff for the parts purchased from and installed by defendant.

Appellant urges that the evidence shows that the method employed in removing the broken stud was the only means by which it could be removed and that the work was done in the usual manner. However, the workman who removed the stud, who was not an employee of defendant, stated that the car had been brought to him by an

employee of defendant to have the stud removed, and that he informed defendant's employee that the motor might be injured in removing the stud in the manner in which it was removed, but that defendant's employee told him to proceed, and it is shown beyond controversy that the cylinder block was injured to such an extent that the car could not be repaired properly without using another cylinder block, and, in making the repair without procuring and using another cylinder block, the workmen knew that the work was not properly executed; and we are of the opinion that the workmen were in bad faith, and defendant became liable, not only for such damages as may have been contemplated, but for such damages as may have been foreseen or were the immediate and direct consequence of their action. (C. C. art. 1934, par. 2.)

The workmen, knowing the condition in which the car was delivered, must have contemplated that it would soon be necessary for plaintiff to have the car repaired, as to which they knew it would be necessary to install another cylinder block, and they should be held to have foreseen that other parts of the machinery might be injured if plaintiff attempted to operate the car in the condition in which it was delivered to him, and that such parts would have to be replaced at the time another cylinder block was installed, and the evidence showing that it was necessary, in order to place the car in condition to be operated, that another cylinder block with other parts, crank shaft, miscellaneous parts, pistons and rings should be installed, and that such parts were installed, defendant should be held responsible for the cost of such work, unless it may be said that plaintiff, having failed to claim in his petition for the cost of pistons and rings, should not recover for those items.

The evidence showing the expenditures for such parts was not objected to, and the effect was to extend the pleadings, and plaintiff, we think, was properly allowed to recover for the cost of the parts, cylinder block, crank shaft, etc., and cost of installation, amounting to two hundred forty-six and 10/100 dollars, but we do not think that defendant should be held liable to plaintiff for replacement of the connecting rods or for plaintiff's expense on the trip to Dallas, or that defendant should refund the amount collected on plaintiff's note.

Relative to the claim for replacement of the connecting rods, it was shown that plaintiff had been an automobile mechanic, and on the claim presented by him he charges defendant for work done by plaintiff in replacing the rods on the basis of a schedule of charges for work of the same character said to be published by the manufacturers of the particular automobile, and the replacements being identical with those of which plaintiff complained were necessary prior to the work done by defendant of which complaint is made, and the replacements extending over a period of two months, we think that in the absence of evidence that plaintiff did not know the condition of the car, he should not be permitted to recover for such temporary repairs, but should be held to have known of the condition of the car and to have chosen to operate it in that condition, and to bear the expense incident to operating the car.

The evidence does not show that defendant did not know the condition of the car, but indicates to the contrary, as it is shown that he made complaint when the car was delivered to him, and plaintiff

states that when he replaced the rod he had to remove the motor and he discovered "that the main center bearing cap that they put in down there at the original job was cracked in half, etc.," which appears to be the same condition which he found to exist at the time it was delivered to defendant for repairs, and under the evidence, we do not think plaintiff should have been allowed to recover for replacing the rods.

As to the claim for damages sustained on the trip to Dallas, plaintiff in his petition alleged that the claim was for delay, inconvenience and worry, and on trial said he had been delayed about twelve hours which prevented him from keeping some business appointment and that his hotel bill was in excess of fifty dollars, the amount claimed, but it was not shown that defendant had undertaken to make the repairs in contemplation of plaintiff's using the car in his business or of his driving the car to Dallas, and we are of the opinion that, it not being shown that defendant had undertaken the work of repairing the car in contemplation that it would be used by plaintiff in his business or in making a trip to Dallas, the damage claimed is too remote. (Cusachs vs. Sewerage & Water Board, 116 La. 510, 40 So. 855.)

On the claim for the return of the amount which had been paid on the note, plaintiff in his petition alleged that the note had been collected through his sister on representations which were not true; and, while there was not any evidence offered in support of the allegations, but assuming that the payment having been made through plaintiff's agent, was made through mistake and that plaintiff could without showing error recover the amount paid on the note, it would be essential that he should establish at least that the note was without consideration, or that by reason of the improper manner in which defendant had repaired the car, that plaintiff had not received any benefit from the purchase of the parts and work done in installing such parts, for which the note was given.

There was a consideration for the note and the evidence establishing that plaintiff used the car for a period of more than two months after the parts were purchased and installed, it cannot be said that plaintiff did not get some benefit from the purchase and work done in installing the parts, although it appears that plaintiff may not have received the full benefit anticipated, as the evidence indicates that some of the parts were installed by defendant in the cylinder block and could not be used in the cylinder block installed by plaintiff.

If the action to recover the amount paid is considered under the provision of law that, "He who has paid through mistake, believing himself to be a debtor, may reclaim what he has paid," (Art. 2302, C. C.) it cannot be said that plaintiff was not a debtor of defendant, even if the note is ignored and the matter considered solely with reference to the benefits received, plaintiff could not recover as the evidence does not show that he did not receive any benefit, but on the contrary, shows that he did receive a benefit by the use of the parts for a period of two months, and he will continue to receive the benefit under the allowance made in the judgment for such parts installed by plaintiff at the time he installed another cylinder block.

It is therefore ordered that the judgment be amended by reducing the amount of four hundred thirty-three and 16/100 dollars to two hundred forty-six and 10/100 dollars; and, as thus amended, the judgment is affirmed, plaintiff to pay the cost of appeal.