No. 3251

Second Circuit

ALSTON v. MOATS ET AL.

(March 24, 1930. Opinion and Decree.)

Craig, Bolin & Magee, of Mansfield, attorneys for plaintiff, appellee.

W. M. Pollock, of Mansfield, attorney for defendants, appellants.

DREW, J. Plaintiff sued for the price of one engine alleged to have been sold to defendants in the year 1924 for $175, which price, he alleges, has never been paid. The defense is double barrelled. First, they deny purchase of the engine, and allege it to have been bought by M. B. Smart, the husband of defendant Mrs. T. O. Smart; and, second, that the plaintiff had agreed to take back the engine and cancel the debt. The second defense does away with the first, and the sole question before us to decide is: Was the agreement to take back the engine such an agreement that would constitute a sale and relieve the defendants from paying the purchase price.

Defendants were engaged in the sawmill business, and moved the engine from plaintiff's premises to their sawmill and used it for some time, and, realizing that they were losing money in their business they decided to abandon it, and requested plaintiff to take back the engine and cancel the debt, which he agreed to do, if the defendants would deliver the engine to him. The delivery was never made, and after waiting for many months and after demanding of defendants by letter that they deliver the engine, plaintiff brought this suit. Plaintiff agreed to accept the engine and cancel the debt upon delivery of the engine. Defendants failed to comply with the condition of the contract or agreement and cannot claim thereunder.

Plaintiff's suit is against Grover E. Moats and Mrs. T. O. Smart. He prays for judgment in solido against them. He does not allege any facts in support of the conclusion of law that they are liable in solido. He does not allege that defendants compose a commercial partnership. Neither does he sue the partnership. There was no exception filed to the petition, and evidence was admitted, without objection, that proved defendants to be the sole members of a commercial partnership, engaged in sawing and selling timber, and, in general, operating a sawmill, thereby proving solidarity.

Solidarity is never presumed. Bank vs. Mayer, 42 La. Ann. 1031, 8 So. 260.

Commercial partners are bound in solido for every partnership debt. Shreveport Ice & Brewing Co. vs. Mandel Bros., 128 La. 314, 54 So. 831.

The existence of a commercial partnership may be established by parol evidence. Brown vs. Bank of Minden, 167 La. 421, 119 So. 413.

"A cause of action is shown where any allegation of the petition, taken together with evidence unobjected to on the trial, shows a cause of action." Morris vs. St. Bernard Cypress Co., 140 La. 511, 73 So. 345.

"Failure to plead ultimate facts in support of conclusion of law stated in petition for injunction was cured by admission of evidence without objection thereto." Zibilich vs. Rouseo, 157 La. 936, 103 So. 269, 270.

The evidence admitted in this case without objection had the effect of enlarging the pleadings to such an extent as to justify the judgment rendered by the lower court.

The lower court rendered judgment in favor of the plaintiff, in the sum of $175 with 5 per cent per annum interest thereon from November 5, 1924, until paid, against the defendants, Grover E. Moats and Mrs. T. O. Smart, in solido. The judgment of the lower court is correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed. Cost of appeal to be paid by defendants, appellants.