DERBES ET AL. v. TILL

(May 5, 1930. Opinion and Decree.)

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiffs, appellants.

E. M. Robbert, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiffs allege that they formerly composed a partnership which obtained a final judgment against a corporation and that when execution was attempted against the corporation it developed that an extrajudicial liquidation of the corporation had taken place; that, in spite of the fact that the said judgment was still unsatisfied, the assets of the corporation had been distributed among the stockholders; and that defendant Till, a former owner of more than one-half of the stock, had received, as a dividend in liquidation, a sum in excess of $2,000.

The judgment referred to is for the sum of $1,017.50, and the individual members of the former partnership seek to hold defendant Till liable for the said judgment debt of the former corporation by reason of his having illegally received from the corporation assets in excess of the amount claimed.

To the petition, which alleged the facts which we have above outlined, defendant filed exceptions of vagueness, and of no cause of action, and a plea of prescription.

Since neither the plea of prescription nor the exception of vagueness was referred to either in the brief or in the oral argument, we assume that both have been abandoned, and will confine our discussion to the question of whether the petition sets forth a cause of action.

On behalf of the exceptor it is contended that the petition is fatally defective in two particulars:

First, that individual members of a partnership have no right to sue for a debt due the partnership and that they must bring such suit in the name of the partnership itself.

Second, that a creditor of a defunct corporation cannot maintain a direct action against a former stockholder to force him to account directly to the creditor for funds illegally drawn from the corporation, but must bring such suit in the name of or on behalf of the receiver or liquidator or legal representative of the defunct corporation.

The first ground urged appears to us to be totally without merit. If the partnership still existed, of course, the members thereof could not, as separate individuals, maintain a suit to collect a partnership debt. But the allegation that the partnership has been dissolved, made in a suit by the former members, implies that the former members have been placed in possession of the assets of the former firm. Included in those assets is the judgment debt referred to. Since all the members of the former partnership joined in the suit, there can be no question raised as to the share of each in the judgment, and the judgment debtor, if it still existed as a corporation, could not be heard to question the right of the three individuals to claim for themselves assets of the former partnership.

The second question presented is not so readily disposed of.

It seems to be conceded that if the allegations of the petition are true, and for the purpose of considering the exception now before us we must assume that they are true, then the distribution of the assets to the stockholders was without legal justification. But it is contended that even if the distribution should not have been made, nevertheless such illegal action does not create in each creditor a right to sue directly each or any stockholder, but that such a proceeding must be brought for the benefit of the estate itself, and that then, after the successful termination of such suit or suits and after the return of the funds illegally withdrawn to the estate, the creditor or creditors must assert such rights as are claimed against the estate as thus re-created.

Counsel for plaintiff concedes his inability to find statutory provisions expressly authorizing such a suit as this, but maintains that the general provisions of article 21 of the Civil Code warrant our overruling the exception. That article reads as follows:

"In all civil matters, where there is no express law, the judge is bound to proceed

and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent."

He further suggests that it would be difficult to imagine a more equitable right than that sought to be enforced here since, under C. C. art. 3183:

"The property of the debtor is the common pledge of his creditors. * * *"

We agree that it would be most inequitable to allow a stockholder to benefit at the expense of a creditor, but we are unable to say that the same equitable result cannot be obtained by permitting a creditor to sue for the return of the diverted property to the general estate.

We entertain no doubt that an individual creditor cannot maintain a direct action against an individual debtor of the former corporation if there is still a receiver or liquidator who can bring the necessary suit because in such case the creditor should, either by appropriate action, force the receiver or liquidator to act, or, in the alternative, should bring suit himself, not for his sole individual benefit but on behalf of the whole estate.

In Dilzell Engineering & Construction Co. vs. Lehmann, 120 La. 283, 45 So. 138, 142, we find a case in which a creditor for the benefit of the estate brought a suit against an individual stockholder to compel him to pay a subscription to stock. Among the defenses was the contention that an individual creditor had no cause of action to bring such a suit. The court said:

"In the case of New Orleans Gas Light Co. v. Bennett, 6 La. Ann. 456, the creditor sought to have the stockholders of the company account to himself directly for the amount of their subscriptions; and, very naturally, the court said that this could not be done. Nothing of that kind is attempted in the present case. The creditor does not seek to have the stockholders account directly to himself, but seeks to have them account to the receivership."

In New Orleans Gas Light Co. vs. Bennet, 6 La. Ann. 456, referred to in the above quotation, we find a creditor attempting to do just what is sought to be done by plaintiff in the case before us, but in that case the representative of the estate, to-wit, the liquidator, still exercised his functions as such, and the court held that such action as might be necessary should be brought by or at least for the benefit of the liquidator, but in that opinion on page 459 the court said:

"Under the equity powers vested in this court, the liability of shareholders to creditors on account of unpaid stock was recognized by our predecessors in the case of Cucullu v. Union Insurance Company, 2 Rob. 577; and again, by this court, in the case of Brown against same defendants. 3 La. Ann. 177. In these cases the company had ceased to exist, and had had for years neither a known place of business, nor directors or other officers; and the action against the shareholders was maintained, as a last resort, and the only means of preventing a denial of justice."

As we read the allegations of the petition now before us, the liquidation has been terminated, the funds distributed to former stockholders, and there is no one, receiver or liquidator, by whom or on whose behalf this suit could have been brought. It therefore seems that the matter should be allowed to go to trial "as a last resort, and the only means of preventing a denial of justice."

The cases to which we have referred involved attempts to compel stock subscribers to pay the amounts for which they obligated themselves. We see no distinction in

principle between the obligation to pay an amount subscribed for and the obligation to return liquidation dividends illegally withdrawn.

In a case almost identical with that before us (Wood et al. vs. Dummer et al., Fed. Cas. No. 17,944, 3 Mason, 308), the court held that each shareholder who had received a part of the assets of the corporation was liable for his proportionate share of the debt. As was said by our Supreme Court in New Orleans Gas Light Co. vs. Bennett, supra, in referring to Wood et al. vs. Dummer et al., supra:

"In that case the available assets of the company had been distributed among the shareholders as dividends of stock, and the company had been dissolved without provision being made for the payment of its debts. Some of the creditors sued part of the shareholders, alleging a fraudulent division of the capital stock to their prejudice."

Our conclusion is that if the proof is available to show that the liquidation is terminated and that there is no representative of the former corporation by whom or on whose behalf this suit could have been brought, then the individual creditor may bring his direct action against the former shareholder for such amounts as have been illegally withdrawn.

We are therefore of the opinion that the exception of no cause of action should have been overruled.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that this matter be remanded to the district court for further proceedings not inconsistent with this opinion and decree.

Reversed and remanded.

HIGGINS, J., takes no part.