## CARRIEL v. FEDERAL COMPRESS & WAREHOUSE CO.
### No. 14220.

Court of Appeal of Louisiana. Orleans.
April 10, 1933.

Edw. S. Spiro, of New Orleans, for appellant.

Gordon Boswell, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for physical injuries brought on behalf of Myrtle Carriel, a nine year old minor, by her mother, Mrs. Ralph Carriel, against the Federal Compress & Warehouse Company, the owner of a motortruck which ran into and injured Myrtle Carriel on November 24, 1930, under circumstances which, it is alleged, involved the responsibility of defendant. The defense, which prevailed below, is twofold: First, the accident resulted either solely or partially from the negligence of the injured child; second, the truck, at the time of the accident, was in charge of defendant's employee, William Gaines, but was being used on a personal errand of Gaines and not in the interest of defendant.

On November 24, 1930, William Gaines, an employee of the defendant, was instructed to drive a motortruck belonging to defendant to the Dixie Battery Works for certain necessary repairs. When the truck reached the corner of Felicity and Prytania streets on its way to the Dixie Battery Works, which was situated on the corner of Thalia and Dryades streets, a former employee of the defendant, by the name of Johnson, hailed it and requested to be transported to his home, No. 2409 S. Galvez street, stating that he had just received an injury to his feet which prevented him from walking any further. Gaines at first demurred, stating that he had been forbidden to take passengers on his truck, but finally yielded, picked up Johnson, and, changing his course, started toward Johnson's home. Upon reaching the intersection of S. Claiborne and Washington avenues, the truck struck plaintiff's nine year old daughter, Myrtle, who was crossing the street, knocked her down, and rolled over her right leg, causing its subsequent amputation.

[█ Pretermitting a discussion of the testimony in the record tending to show negligence on the part of Gaines, we will consider the question of whether Gaines was acting within the scope of his employment at the time of the accident, since there can be no recovery in an action based upon the doctrine of respondeat superior, unless it is demonstrated that the servant, however negligent, was, at the time of the wrongful act, engaged in his master's business. Tinker v. Hirst, 162 La. 210, 110 So. 324; Bardt v. Champon, 6 La. App. 763; Vuillemot v. Claverie, 12 La. App.

236, 125 So. 168. It is conceded that Gaines originally started on an errand of his employer, but it is claimed that he had departed therefrom and undertaken a mission of his own when the accident happened. The record shows that he had been forbidden to take any one on the truck for any purpose, and, according to his testimony, he realized that, in agreeing to transport Johnson home, he was taking a considerable chance. As a matter of fact, he was discharged immediately after the accident. It is therefore clear that Gaines, acting in defiance of orders, had turned aside from his original mission in behalf of his employer and undertaken an excursion of his own for the purpose of taking his friend, Johnson, who claimed to be disabled, to his home.

We are not here concerned with the distinction which the authorities have made in cases like the present where there has been a departure from the employer's business between "going and coming" (Cusimano v. Spiess, 153 La. 551, 96 So. 118; Bowles v. McGlasson, 5 La. App. 367; Goldman v. Yellow Cab Co. et al., 17 La. App. 450, 134 So. 351; Black v. R. I. A. & L. R. Co., 125 La. 101, 51 So. 82, 26 L. R. A. [N. S.] 166), for the reason that, in this case, the accident occurred while Gaines was on his way to Johnson's home and not on the return journey. Consequently it could not be said that he had re-entered his master's service, as has been held in the cases cited, particularly the cases of Black v. R. I. A. & L. R. Co. and Goldman v. Yellow Cab Company. The only case that we know of which has held an employer responsible for an accident which happened under circumstances somewhat similar to this one is that of Embry et al. v. Reserve Natural Gas Co. of La., 12 La. App. 97, 124 So. 572, 575. In that case the Court of Appeal for the Second Circuit decided that a deviation from the business of the employer did not affect the employer's liability for an accident which happened before the employee had re-entered the service of his employer by returning. To quote from the decision: "The fact that, before going to the Lee Hardware Company's warehouse to get the load of dynamite that he was instructed to go there and get and carry to Cotton Valley, he decided to go to his home and get his breakfast, and was on his way there to do so, and concluded to deviate therefrom to the extent of taking the negro woman, Leola Bryant, from where he found her to her place of work, before going to his home, does not, we think, alter the fact that he was in the scope of his duty to his employer."

 The accident in the cited case occurred while the driver was taking the woman to work, and, nevertheless, the employer was held liable. Perhaps the case may be distinguished, upon some ground which has not

occurred to us, from Cusimano v. Spiess and Black v. R. I. A. & L. R. Co., supra, but, in any event, to the extent that it may be said to hold an employer responsible for an accident which happens due to the negligence of an employee who has departed from his employer's business, the accident occurring on the outward and not the return journey, when he may be said to have re-entered his employer's service, we find ourselves unable to agree with its holding. In the case at bar, though the employee originally started on an errand of his employer, he departed therefrom, and, at the time of the accident, was on a personal mission. Consequently his employer cannot be held liable in damages for the effect of his negligence at a time when he was out of character as an employee and on business of his own. We are of opinion, therefore, that the defendant is not responsible for the accident for the effects of which this suit is brought.

Consequently, and for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.