## KISSGEN v. CONTINENTAL CASUALTY CO. OF INDIANA et al. *

### No. 14356.

Court of Appeal of Louisiana. Orleans.
June 12, 1933.

---

*Rehearing denied June 29, 1933.

Benj. Y. Wolf, of New Orleans, for appellant.

Deutsch & Kerrigan & Burke and Bert Flanders, Jr., all of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a suit for $324.52, the amount to which a building belonging to plaintiff is said to have been damaged as the result of a motorcycle running into it. The plaintiff, Mrs. Adam Frank, is the owner of the property which forms the corner of South Claiborne avenue and Broadway street. On October 14, 1931, a driverless motorcycle ran into Mrs. Frank's property. Upon investigation it developed that the motorcycle belonged to Dominick Ditcharo, who used it for the purpose of delivering packages under a contract with Katz & Besthoff, Limited, and that on the day of the accident Sam Morice had driven it in the neighborhood of plaintiff's property and fell off of it some little time before it struck the building. Plaintiff sued Morice, Ditcharo, Katz & Besthoff, Limited, and the Continental Casualty Company, which had issued a policy in favor of Katz & Besthoff, Limited, and Ditcharo covering damages cause by Ditcharo's motorcycle.

Morice made no defense. Ditcharo admitted having loaned the motorcycle to Morice, but denied his incompetency and averred that Morice was quite capable of operating the machine. Katz & Besthoff, Limited, denied any connection with the motorcycle as owner or otherwise. The Continental Casualty Company adopted as its own the defenses set up by its codefendants, specially pleaded its exemption from liability under the terms of its policy, and attacked the constitutionality of Act No. 55 of 1930, under the authority of which plaintiff prosecuted this suit against it.

After a trial upon the merits there was judgment in favor of plaintiff and against Morice, as prayed for, and in favor of the other defendants dismissing plaintiff's suit as to them.

Since the trial of the case the attack upon the constitutionality of Act No. 55 of 1930 has been abandoned upon the authority of Rossville Commercial Alcohol Corp. v. Dennis Sheen Transfer Co., 18 La. App. 725, 138 So. 183, a case which had not been decided when the answer was filed.

■ The Continental Casualty Company issued a policy to Katz & Besthoff, Limited, and Dominick Ditcharo covering a Harley-Davidson motorcycle, the motor number of which was 27 TD 2441. The motorcycle which caused the damage for which this suit was brought was not the one mentioned in the policy, but another, which had been bought by Ditcharo to replace the one mentioned in the policy. The second motorcycle was subsequently covered by a rider to the policy, but, at the time the accident occurred, it was not protected. The contention of the plaintiff is that equitable considerations compel the reformation of the contract so as to include the new motorcycle upon the ground that the intention of the parties was that it should be covered by the policy, citing Derbes et al. v. Till, 13 La. App. 495, 128 So. 196; Fudickar v. Inabnet et al., 176 La. 777, 146 So. 745; Geddes Undertaking & Emb. Co. v. Home Accident Ins. Co., 172 La. 598, 134 So. 905; Huddy's Cyclopedia of Automobile Law (9th Ed.) Vols. 13, 14, § 307. The authorities cited are not in point. The case before us does not involve the failure to properly describe the vehicle, or a mistake in the year of its manufacture, or motor number, but one in which a totally different motorcycle was covered. The fact that the one that caused the injury was subsequently brought under the protection of the policy has no bearing, since we must interpret the policy as we find it, and, therefore, as covering a different motor vehicle altogether from that which caused the injury in this case. We cannot say, under a fair interpretation of the policy, that its coverage should be extended so as to protect the automobile which did the damage in this case. It results, therefore, that the Continental Casualty Company must be dismissed from the case.

■ Katz & Besthoff, Limited, who are alleged to be the owners of the motorcycle, are sought to be held liable because, it is claimed, they imprudently loaned the car to one who was not a skillful driver. The record shows that Dominick Ditcharo was the sole owner of the motorcycle, which he employed in delivering packages for Katz & Besthoff under a contract which paid him a certain sum for each package delivered. Katz & Besthoff, Limited, must also be dismissed from the case.

■ As to Dominick Ditcharo, there is no proof that he knew Morice to be an unskilled driver. In fact, the evidence tends to establish the contrary. But when Ditcharo was on the witness stand, he was asked why he loaned the motorcycle to Morice and answered that Morice was taking the motorcycle to his (Ditcharo's) home for him. This evidence was received without objection, but when, later on, plaintiff sought corroboration from Sam Morice by asking him the purpose of his errand at the time of the accident, the evidence was objected to on the ground that it was not responsive to any allegation in the petition and the objection was sustained. In our opinion the action of the district court in this regard was erroneous. The time to object to expansive testimony is when it is first offered, and a failure to do so then results in an amendment of the pleadings to the extent of the proof admitted without objection. Zibilich v. Rouseo, 157 La. 936, 103

So. 269; Morse v. Oates, 11 La. App. 462, 123 So. 439; Chambers v. Vega, 18 La. App. 736, 137 So. 879; Thiberge Printing Co. v. Drumm, 5 La. App. 550; Purser v. Hyams Coal Co., 6 La. App. 687; Alston v. Moats, 13 La. App. 39, 127 So. 28. An objection to subsequent corroborative evidence comes too late. Plaintiff should have been permitted to substantiate the testimony of Ditcharo by the excluded evidence. However, the mere fact that Morice started on an errand of Ditcharo is not sufficient to prove Ditcharo's liability, for there may have been a digression from Ditcharo's business by Morice for purposes of his own. Carriel v. Federal Compress & Warehouse Co. (La. App.) 147 So. 120; Goldman v. Yellow Cab Co. et al., 17 La. App. 450, 134 So. 351. The record is barren of evidence on that point. Under the circumstances we have concluded to remand the case for the purpose of administering proof upon the question of the character of Morice's errand, whether on his own account or for Ditcharo, and upon the further question of diversion vel non.

For the reasons assigned the judgment appealed from, in so far as it runs in plaintiff's favor and against Sam Morice, and in favor of Katz & Besthoff, Limited, and the Continental Casualty Company and against plaintiff, be and it is hereby affirmed.

It is further ordered, adjudged, and decreed that the judgment in favor of Dominick Ditcharo, defendant, and against the plaintiff, dismissing plaintiff's suit as to Dominick Ditcharo, be and it is reversed, and it is now ordered that this cause be remanded to the civil district court for the parish of Orleans for further proceedings consistent with law and the views herein expressed.

Affirmed in part.

Reversed and remanded in part.