BRUNOT, Justice.
 

 This is a concursus proceeding. It grows out of the recordation of liens by two subcontractors. The proceeding was initiated by the plaintiff, who, under the provisions of Act No. 248 of 1926, proposed to substitute a bond in lieu of the claims of the lienors. Banta Bros., one of the lienors, by way of intervention, impleaded Goldberg, the contractor; Ha-thorn, a co-lienor; the Globe Indemnity Company, Goldberg’s surety; and the highway commission.
 

 Proper pleadings were filed timely by all of said parties. The only pleading which requires comment is an exception of no right or no cause of action which Goldberg filed to the claim of Ha-thorn. This exception is based upon the fact that Hathorn’s claim was filed more than 45 days after the acceptance of the work.
 

 Where a public work has been completed and accepted, and a part of the contract price of the work remains in the hands of the owner, or is deposited in the registry of the court, as was done in this case, the assertion of a materialman’s or laborer’s claim to payment, by preference out of said fund, to the contractor’s claims, is timely, whether filed for record within or after the lapse of the 45-day period. The exception, therefore, is without merit. Uvalde Rock Asphalt Co. v. City of Shreveport et al., 172 La. 987, 136 So. 26; Fidelity Homestead Ass’n v. Kennedy & Anderson, 158 La. 1059, 105 So. 64; Robinson-Slagle Lumber Co. v. Rudy, 156 La. 174, 100 So. 296.
 

 The Louisiana highway commission entered into a contract with I. M. Goldberg for the construction of 9.858 miles of the Leesville-Alexandria highway, which is officially designated as federal aid project 157-A.
 

 Goldberg sublet the concrete work, the timber bridges, and the concrete pipe and culverts called for by the specifications attached to and forming part of his contract with the highway commission, to Banta Bros., a copartnership. The subcontractors were to perform the work for the same price Goldberg was to receive from the highway commission, less
 
 IV/2
 
 
 *15
 
 per cent., which percentage Goldberg was to retain as his compensation. Goldberg also sublet the cleaning of the right of way, and a part of the earthwork called for by the specifications, to R. C. Hathorn. After the completion and acceptance of the work, a dispute arose between Goldberg, the contractor, and Banta Bros, and Hathorn, the subcontractors, relative to the respective demands of the subcontractors, and the sum of the offsets claimed by Goldberg.
 

 The testimony on the issues of fact thus raised is voluminous and conflicting. The trial judge did not assign written reasons for his findings of fact, but he held that Goldberg was entitled to offsets sufficient in amount to reduce the claim of Banta Bros, from $5,042.26 to $2,855.25, and to reduce the claim' of Hathorn from $1,300 to $666.70. Judgment in solido against Goldberg and his surety for said sums was accordingly rendered in favor of the respective claimants, together with legal interest on the sums of the judgment from the dates the claims for recognition of their liens were filed, and for costs. I. M. Goldberg appealed from the judgment; Banta Bros, have answered the appeal, and pray that the judgment be amended by increasing the amount awarded to them to $5,042.26, and, as thus amended, that it be affirmed.
 

 After the record was filed in this court, Mr. George K. Perrault, counsel of record for I. M. Goldberg, died, and, by proper proceedings, the firm of Yarrut & Stich has been entered as retained counsel to succeed the late Mr. Perrault.
 

 It appears that Banta Bros, completed the work called for by their contract. The highway engineer, in charge, accepted their work and, with the approval of Goldberg, the Banta Bros, removed their camp and operating equipment to another site. Some months thereafter, but before final acceptance of the work, the federal engineer found defects in some of the work done by Banta Bros. It was agreed between Banta Bros, and Goldberg that the latter should remedy the defects and deduct the cost thereof from the balance then due Banta Bros, under their contract with Goldberg. It is the sum of the offsets claimed by Goldberg for completing Banta Bros.’ contract that forms the issue between them in this proceeding.
 

 R. C. Hathorn abandoned the work called for by his contract and Goldberg completed it. The sum of the offset claimed by Goldberg for completing the work sublet to Hathorn after the latter’s default is the issue between them.
 

 We will note here that counsel, in their several briefs, are under the impression that R. C. Hathorn 1 answered the appeal in this case and prayed for an amendment of the judgment. Counsel are in error. The only answer to the appeal in this record is the one filed by Banta Bros. We are, therefore, concerned only in ascer
 
 *17
 
 taining whether or not Hathorn is entitled to recover the sum awarded him in the judgment under review, or any part of that sum.
 

 With respect to the issues between Goldberg and Banta Bros., our reading of the record has led us to the conclusion that the gross amount for which Goldberg must account to Banta Bros, is $22,943.08. Banta Bros, contend that the gross amount should be $23,720.01. The difference between the two amounts is $784.93. This difference is accounted for by the following items, which are erroneously claimed by Banta Bros.: First, $562.47 for 2,249.9 cubic yards of culvert excavation. Banta Bros, are suing upon their contract. The contract is as follows: “All concrete work, timber bridges' and concrete pipe in connection with the construction of the highway bridges and culverts.” Inasmuch as there is no provision in the contract relative to excavation for culverts, we think the burden was upon Banta Bros, to allege and prove that the terms of the contract were varied. This conclusion is strengthened by the fact that the testimony in the record is conflicting as to whether Goldberg or Banta Bros, did the work of excavating for the installation of the culverts. Second, an item of $169.84. This sum is the difference between the highway commission’s final estimate of the cubic yards of class A concrete in place on the job and Banta Bros.’ estimate thereof. Third, an item of $52.62. This sum is the difference between the highway commission’s final estimate of the pounds of steel used on the job and Banta Bros.’ estimate thereof.
 

 The final estimates of the highway commission form the basis on which settlements are made and, unless an exception to the general rule is established, they are accepted as accurate.
 

 With the gross amount due Banta Bros, thus ascertained, the admitted or established deductions therefrom are accurately stated on page 6 of appellant’s original brief, from which we quote as follows:
 

 Total amount due $22,943.08
 

 11-1/2% retained by Goldberg as commission $ 2,639.45
 

 Cash payments on account 15,941.86
 

 435 yards gravel at $2.75 per yard 1,196.25
 

 19,787.56
 

 Balance $ 3,155.52
 

 Goldberg claims the following additional offsets, viz.: For completing Banta Bros.’ contract, $2,357.84; for feeding mules, $787.50; for foreman and labor cost, $1,-125; for cost of common labor, $225; for road maintenance, $300; and for trips in the interest of the work, $675; The trial judge reduced the claim of Goldberg for completing Banta Bros.’ contract from $2,357.84 to $1,001.25, and impliedly disallowed all other offsets claimed by Goldberg.
 

 From .the conflicting testimony in the record we think it is shown, by a fair preponderance of the evidence, that Goldberg agreed to remedy the defects in
 
 *19
 
 Banta Bros.’ work for the cost of the labor and material required for that purpose, and that this work was to be completed within a reasonable time. The trial judge evidently found that if Goldberg had complied with his part of the agreement, $1,001.25 was the total sum he would be entitled to recover from Banta Bros, for completing their contract, and he rendered judgment accordingly.
 

 Without attempting to reconcile the conflicting views of the witnesses, we find that, except for the error in the gross sum due Banta Bros, which we have pointed out, supra, the judgment appealed from is substantially correct. The measure of damages for a breach of contract such as the one we are considering, is the reasonable cost of remedying the defects. DuBos v. Sanders, 174 La. 27, 139 So. 651; Faraldo v. Ferdinand Gumbel & Co., 128 La. 287, 54 So. 821, on rehearing; Rev. Civ. Code, art. 1934; Leathers v. Sweeney, 41 La. Ann. 287, 5 So. 662.
 

 Banta Bros, invoke section 8 of Act No. 224 of 1918; and pray for attorney’s fees. The pertinent part of the section is as follows: “Be it further enacted, etc., That in the event any claimant shall, •whether by concursus proceeding or separate suit, recover the full amount of his recorded claim, * * * the court or commissioner shall allow the claimant, * * * 10 per cent attorneys fees, * * * on the amount recovered.”
 

 In this proceeding the judgment in favor of Banta Bros, is for less than their recorded claim; hence they are not entitled to recover attorney’s fees.
 

 The gross sum that would have been due Hathorn under his contract, if he had not abandoned the work, was $3,300. Of this sum Hathorn received $2,000 before defaulting on his contract. The trial judge found that it cost Goldberg $633.30 to complete the contract. This sum he deducted from Hathorn’s recorded claim of $1,300, and rendered judgment in favor of Hathorn for $666.70.
 

 From our appreciation of the facts, we think the trial judge resolved them correctly. For the reasons stated, the judgment appealed from is amended by reducing the amount awarded Banta -Bros, from $2,855.25 to $2,070.32, and by rejecting all offsets claimed by Goldberg except those allowed in said judgment, and, as thus amended, the judgment is affirmed.
 

 FOURNET, J., recused.