riage. The court held that even though the marriage was a nullity because at the time it was contracted by them the husband had a living wife from whom he was not divorced, yet the marriage was given its civil effects in so far as the wife was concerned, she having contracted the same in good faith.

A further review of the cases is unnecessary. I cite, however, the following: Patton v. Cities of Philadelphia & New Orleans, 1 La.Ann. 98; Succession of Navarro, 24 La.Ann. 298; Jerman v. Tenneas, 44 La.Ann. 620, 11 So. 80; Succession of Benton, 106 La. 494, 31 So. 123, 59 L.R.A. 135; Miller v. Wiggins, 149 La. 720, 729, 90 So. 109.

Referring now to the French authorities cited in the majority opinion, a reading of the quotations will show that in a majority of them reference was made to marriages "contracted" or "celebrated." For instance, the quotation from Planiol, Droit Civil (3d Ed.) found at the bottom of page 10 of the opinion, is as follows:

"Good faith consists in being ignorant of the cause which prevents the forms of the marriage or the defects of its celebration which caused its nullity."

I think the judgment sustaining the exception of no cause of action should be affirmed, as well as that sustaining the plea of res adjudicata.

John J. Conners and Manuel I. Fisher, both of New Orleans, for appellants.

Walter M. Barnett, Jr., of New Orleans, for appellee.

## MAISON BLANCHE CO. v. GILBRIDE.
### No. 16183.

Court of Appeal of Louisiana. Orleans.

Dec. 16, 1935.

WESTERFIELD, Judge.

This is a suit for $120.45, the alleged balance due on the purchase price of a certain washing machine alleged to have been sold by the plaintiff to the defendant for the sum of $125.45. The sale is alleged to have been evidenced by a written contract which was attached to the petition.

Defendant in his answer admitted having possession of the washing machine, but avers that it "was delivered for trial and approval only and since the said machine was not the merchandise ordered, defendant has requested plaintiff to take the same back."

There was judgment below in plaintiff's favor, as prayed for, and defendant has appealed.

■ It appears that Mrs. Curry, a saleswoman employed by the plaintiff corporation, had for some time attempted to sell Mrs. Gilbride, the wife of defendant, a washing machine, and that finally, following a conversation with Mrs. Gilbride in the plaintiff's store, the machine was sent to her residence and there demonstrated by Mrs. Curry. Several days thereafter, Mrs. Curry called at the Gilbride home and Mr. Gilbride signed a printed form of contract and paid Mrs. Curry $5 on account. This printed form, which, incidentally, was not signed by plaintiff, states the consideration as being $125.45, of which $5 was paid in cash and the balance to be paid at the rate of $5 a month. There is, however, no mention in this document of a washing machine, or of any particular thing for which the consideration is given, and objection is made in argument and in brief in this court that such an instrument does not evidence a contract of sale; citing article 2439, R. C. C., which reads:

"The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.

"Three circumstances concur to the perfection of the contract, to-wit: The thing sold, the price and the consent."

However, we do not find in the record any objection to the extensive oral testimony concerning the sale of the washing machine, and are of opinion that, conceding, as defendant claims, that this is a suit on a written contract, the rule invoked to the effect that when parties "commit their agreements to writing, their intentions cannot be sought outside the four corners of the written instrument" (Bank of Napoleonville v. Knobloch & Rainold, 144 La. 100, 80 So. 214), does not apply because of the well-settled principle of law that evidence unobjected to will enlarge the pleadings. Kissgen v. Continental Casualty Co. (La.App.) 148 So. 732; Alford et ux. v. Bisso Ferry Co. (La.App.) 161 So. 368; Ethridge-Atkins Corporation v. Abraham (La.App.) 160 So. 817; Thiberge Printing Co. v. Drumm, 5 La.App. 550; Purser v. Hyams Coal Co., 6 La.App. 687. We agree with counsel that the instrument sued on does not evidence a contract between the parties because it is fatally deficient in the respect complained of, and we turn to a consideration of the oral testimony to learn whether a contract of sale has been otherwise established.

■ The washing machine was in the plaintiff's residence several days before the payment of $5 on account was made. Following a complaint concerning its operation, a mechanic was sent from plaintiff's store to investigate and adjust whatever was found to be wrong. About 30 days thereafter, according to Mrs. Curry, she met Mrs. Gilbride in the street car and was told that the machine was giving satisfaction, but that she wanted to return it because she did not want to pay for it. It was delivered in March, 1934, and a few days later $5 was paid on account. It was used several times by the Gilbrides, and, according to Mr. Gilbride, he attempted to have it removed from his residence by telephonic request, and, finally, in August, 1934, wrote a letter, which is in evidence, in which he says that the washing machine was left with them on trial and asked that it be taken back, concluding his letter with the statement that "we haven't got any money." While on the stand Mr. Gilbride admitted that his remark concerning his financial resources was incorrect, and that he was able to pay for the machine if he wanted to, but simply made that statement to induce them to take it back.

On the whole, it seems to us entirely inconsistent with the theory of the defense that Mr. Gilbride should pay $5 on account of the purchase price and sign a paper which, in connection with the testimony, evidenced his intention to purchase the washing machine by a written contract. Moreover, Mr. Gilbride's testimony is not convincing, particularly when it is considered that the defense set up in his answer, to the effect that the machine delivered by plaintiff was not the one ordered, was not referred to in his evidence.

■ The judgment below allowed 10 per cent. attorney's fees because of a stipulation in the purported contract to that effect. In view of our opinion concerning that instrument, this amount will not be allowed.

■ For the reasons assigned, the judgment appealed from is amended by striking out the amount of attorney's fees allowed in the judgment, and, as thus amended, the judgment appealed from is affirmed; the costs of the lower court to be paid by defendant and of this court by plaintiff.

Amended and affirmed.