25 So.2d 87

**SCACCIAFERRO v. HYMEL.**

No. 37816.

Jan. 7, 1946.

Rehearing Denied Feb. 11, 1946.

C. A. Blanchard, of Donaldsonville, for plaintiff and appellant.

George R. Blum, of Donaldsonville, and Clarence F. Favret, of New Orleans, for defendant and appellee.

KENNON, Justice.

This is a controversy over the costs in a divorce proceeding already decided by this Court on the merits. See 206 La. 973, 20 So.2d 284.

After the Supreme Court's decree was final, the wife filed a rule in the district court to tax against her husband, as costs, an item of $39.75, paid by her to the court reporter as one-half of the bill for transcribing the testimony in the district court, and for $43.77, the costs of printing the brief presented by her attorney to this Court. The husband answered, denying liability for these amounts and prayed, under Article 908 of the Code of Practice, for a judgment in his favor for the costs of the appeal to the Supreme Court amounting to $118.50. The district judge rendered judgment in favor of the wife for $83.52, and dismissed the husband's claim. The husband was granted an appeal to this Court.

The original judgment of the district court cast the husband for costs. That portion of the judgment was here affirmed. Therefore, he is responsible for the charge of the court reporter.

The husband, then the appellant in the Supreme Court, was successful to the extent of reversing the award of the attorney's fees and reducing the alimony from $40 to $30 a month. Since the Supreme Court did not exercise its power of taxing the costs of the appeal, Act 229 of 1910, the liability therefor is governed by Article 908 of the Code of Practice, which provides "If the judgment be reversed, in whatever degree it may be, the appellee shall pay the costs." Therefore, the wife, as the appellee against whom the judgment was amended, is responsible for the costs of the appeal on the first hearing in this Court, and the question of whether her expense in printing the brief is a part of these costs passes out of the case. Goldberg v. Banta Bros. et al., 183 La. 10, 162 So. 786; Maison Blanche Co. v. Gilbride, La.App., 164 So. 813.

For the reasons assigned, the judgment of the district court is set aside and judgment is now rendered fixing the responsibility for the controversial items of costs, as follows: $39.75 for transcribing the testimony, to be paid by Philip Scacciaferro; $118.50, the costs of the original appeal, to be paid by Yvonne Hymel. The costs in the present rule and the appeal thereon to be paid by Philip Scacciaferro.