REGAN, Judge.
The plaintiff, Louisiana School Supply Co., Inc., a subcontractor, filed this suit against the defendant, the prime contractor, Wilson P. Abraham, engaged in business as Wilson P. Abraham Construction Company, and Trinity Universal Insurance Company, his surety, endeavoring to recover the sum of $130,150.00, representing the amount which it asserted was due as payment under a subcontract entered into with the defendant in connection with the construction of a Library-Classroom Building for Louisiana State University in New Orleans.
The defendant answered and denied that the plaintiff was entitled to recover the full amount of its claim; they then reconvened and demanded the erasure of liens filed by the plaintiff and other persons whose identities are not significant in connection with this appeal.
The Estey Corporation and Baker Manufacturing Company, Inc., two companies with whom the plaintiff had entered into sub-contracts, intervened and sued both the plaintiff and the defendant for the amount due them under their subcontracts.
*349 Simply for the purpose of preserving the continuity of the case, we hasten to point out that the record is embellished with a ponderous amount of legal gymnastics consisting of innumerable cross claims, re-conventional demands and other pleadings, the enumeration of which would serve no useful purpose in connection with, this appeal. The only other claim of any significance is a reconventional demand by the defendant, Abraham, against Baker Manufacturing Company, Inc., seeking to recover a large amount of money which he asserted was due from this intervenor.
After a trial on the merits, judgment was rendered in favor of the plaintiff, Louisiana School Supply Company, Inc., and against Wilson P. Abraham and his surety in the amount of $130,150.00, together with interest and 10% attorney’s fees on principal and interest.
Judgment was also rendered in favor of Baker Manufacturing Company and Estey Corporation against Louisiana School Supply Company in the respective amounts sought by them, and in favor of Abraham and Trinity against Baker Manufacturing Company in the amount of $118.00.
From that judgment, the original defendants, Abraham and Trinity Universal Insurance Company, have prosecuted this appeal.
The record discloses that on September 24, 1962, Abraham entered into a contract with the Louisiana State Bond and Building Commission for the construction of a library building at Louisiana State University in New Orleans. A portion of the work was subcontracted by Abraham to Louisiana School Supply Company, Inc., under which subcontract the latter was to furnish and install certain library equipment in consideration of the payment of $141,400.00. Louisiana School Supply Company, Inc., in turn entered into contracts with Estey Corporation for library shelving and Baker Manufacturing Company for student carrels and built-in counters.
The primary thrust of the litigation in the lower court involved the lack of payment by Abraham to Louisiana School Supply Company and the failure of Louisiana School Supply Company to pay Estey and Baker. The judgments in favor of Estey and Baker’have been satisfied in full as rendered, and the only question posed by the defendants for our consideration on the appeal hereof is the right of the plaintiff, Louisiana School Supply Company, Inc., to recover statutory attorney’s fees in addition to the principal and interest due under its subcontract with Abraham.
The basis for the defendants’ argument with respect to the lower court’s error in awarding 10% attorney’s fees in accordance with R.S. 38:2246, is that this statute has been construed by the courts so as to provide that a plaintiff must recover the entire amount of his claim in order to be awarded attorney’s fees, and in this case, the defendant asserts that a back charge of $118.00 was owed by Louisiana School Supply Company to Abraham; therefore, the plaintiff was unable to recover the full amount of its claim from the defendant.
The statute, R.S. 38:2246, reads:
“After amicable demand for payment has been made on the principal and surety and thirty days has elapsed without payment being made, any claimant recovering the full amount of his recorded or sworn claim whether by concursus proceeding or separate suit, shall be allowed ten percent attorney’s fees which shall be taxed in the judgment on the amount recovered.”
To reiterate, with other words, the defendants point out that the courts have concluded that this statute, being penal in nature, must be strictly construed, and a claimant is not entitled to recover 10% attorney’s fees unless he recovers the entire amount claimed by him.[1]
*350 The defendants, of course, are correct with respect to their interpretation of the existing law. However, the record reveals no evidence to indicate that the plaintiff was not entitled to recover the full amount of its claim, as awarded by the trial court.
The record does disclose that Baker owed $118.00 to someone, but it does not reflect to whom the money was due nor does it re-veal for what purpose the money was expended. It is obvious that the burden of proving the existence of this obligation as a back charge owed by the Louisiana School Supply Company is upon the defendant, and the complete absence of evidence in the record concerning this particular item demonstrates that the defendants did not meet this burden.
Counsel for Louisiana School Supply Company, Inc., in oral argument before this court, stated that it was made quite clear in the lower court during the course of argument therein that the $118.00 obligation was one owed by Baker to Abraham in moving some material. It was emphasized and counsel for Abraham did not deny it, that this labor was completely unconnected with the performance of the subcontract between Abraham and Louisiana School Supply Company, and thus constituted a separate and independent obligation on the part of Baker not chargeable to the School Supply Company under its contract. This version of the transaction was obviously accepted by the lower court since it rendered a judgment in favor of Abraham against Baker for the $118.00, and did not subtract the $118.00 from the amount which Baker recovered from Louisiana School Supply Company.
In view of the absence of proof in the record to the contrary and in view of the presumption of the correctness of the lower court’s judgment, we may only conclude that the sum of $118.00 was owed by Baker to Abraham as the result of a completely separate contract and that this obligation had absolutely nothing to do with the subcontract between the defendant, Abraham, and the plaintiff, the Louisiana School Supply Company. Therefore, the lower court was correct in awarding the plaintiff the full amount of its claim against the defendants together with 10% attorney’s fees.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendants, Wilson P. Abraham and Trinity Universal Insurance Company, are to pay all costs incurred herein.
Affirmed.

. Goldberg v. Banta Bros., 183 La. 10, 162 So. 786 (1935); R. J. Dueote Contractor, Inc. v. L. H. Bossier, Inc., 192 So.2d 179 (1966).