GULOTTA, Judge.
Plaintiff appeals from a judgment maintaining an exception of no cause of action. We reverse and remand the matter to permit amendment of the petition.
Plaintiff, a stockholder of Royal Crystal Art Company, Inc., in judicial liquidation, filed suit, on behalf of the corporation, for the collection of five demand promissory notes payable to the corporation. Named as defendants were the liquidator and Gertrude Loreck Wabnig, assignee and holder of the notes. The notes had been ..issued to Royal Crystal by a purchaser in payment of merchandise bought from the corporation and Royal Crystal had thereafter assigned *332 the notes to Wabnig who agreed to pay the assignor corporation the balance of all payments made on the notes after deducting and retaining for herself the interest stipulated.
In her petition, plaintiff alleges that Wabnig has paid no money to Royal Crystal and has made no efforts to collect from the maker of the notes other than writing two letters of amicable demand. Plaintiff further alleges that the liquidator has not taken any legal action to enforce the rights of the corporation despite plaintiff’s demands. The petition states that plaintiff as a stockholder “is forced to institute this action to protect the interests” of the corporation and prays “on behalf of” the corporation for a judgment against Wabnig in the full amount of the notes.
Defendant Wabnig filed exceptions of no cause of action, no right of action and non-joinder of an indispensable party. The trial judge maintained the exception of no cause of action and dismissed the suit as to Wab-nig. The cause of action against the corporation remains viable.
It is true that a stockholder of a corporation in liquidation has no right of action on behalf of the corporation against a corporate debtor. In such instance, the liquidator is the proper party plaintiff and the shareholder’s remedy is against the liquidator to compel him to act. See LSA-C. C.P. art. 681; LSA-C.C.P. art. 692; Derbes v. Till, 13 La.App. 495, 128 So. 196 (Orl.1930).
However, a shareholder is provided with a remedy, in a secondary action, to enforce a corporate right. See LSA-C.C.P. arts. 591 and 611. This remedy is provided to a shareholder by virtue of stock ownership in the corporation. The suit may be brought by the shareholder on his own behalf or on behalf of others in a class action when the persons constituting the class are so numerous as to make it impracticable for all of them to be joined as plaintiffs in the action. See LSA-C.C.P. art. 591. In the instant case, plaintiff is the sole owner of the corporate stock.[1] Because the corporation is in liquidation and a liquidator has been appointed, plaintiff has no right of action “on behalf of” the corporation. The petition, so worded, is defective in that it is asserted “on behalf of” the corporation. We conclude the trial judge, confronted with this petition, properly maintained the exception of no cause of action against Wabnig. However, LSA-C.C.P. art. 934 affords plaintiff the opportunity to amend where the objection (“on behalf of” the corporation) may be removed by amendment. Plaintiff is entitled to a remand to permit amendment in this case.
Accordingly, that part of the judgment dismissing plaintiff’s suit against defendant Wabnig is reversed and set aside. Judgment is now rendered maintaining Gertrude Loreck Wabnig’s exception of no cause of action, however, the matter is remanded to the trial court to permit plaintiff the opportunity to amend the petition, within 15 days, in accordance with the views expressed herein.

REVERSED, RENDERED AND REMANDED.

. The representation in brief that Mrs. Small is the sole stockholder of Royal Crystal Art Company, Inc. has not been disputed.